IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DELENA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:23-CV-208 (MTT) |
| | ) |
| GRAHAM CRACKAS, INC. | ) |
| d/b/a ZAXBY'S, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff Delena Johnson alleges hostile work environment and retaliation claims under Title VII of the Civil Rights Act of 1964.  Doc. 13.  Defendant Graham Crackas Inc., d/b/a Zaxby's ("Zaxby's") moves to dismiss Johnson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. 4.  For the reasons that follow, the defendant's motion (Doc. 4) is **GRANTED**.

### I. BACKGROUND

Johnson, a minor at the time, "was employed as a cook and general worker" at a Zaxby's in Macon, Georgia.  Doc. 13 ¶¶ 6-7.  On December 9, 2022, Shawn, one of Johnson's male coworkers, took a picture of Johnson's "buttocks as she was bending over."  *Id.* ¶ 7.  On December 13, Shawn showed the picture of Johnson's buttocks to several coworkers.  *Id.* ¶ 8.  Shawn "appear[ed] pleased with himself" and "relish[ed] his coworkers'" reactions to the picture.  *Id.*  Johnson reported Shawn's conduct to her manager and noted "that it made her feel uncomfortable."  *Id.* ¶ 9.  On December 15,

Johnson spoke with her manager a second time about the incident.[1]  *Id*. ¶ 10.  The manager told Johnson that he and the director of operations investigated the incident and "there [was] no picture on [Shawn's] phone."  *Id*.  Furthermore, the manager stated that the director of operations instructed him to terminate Johnson without the ability to transfer to another Zaxby's.  *Id*.  The manager explained that Johnson "had people [carrying guns] come [into the store] ... trying to threaten [Johnson] and other people."  *Id*.  As a result, Johnson was being terminated because Zaxyb's "cannot allow anyone here that's bringing people in threatening people," and, if Johnson tried "to fight it, we will fight it even harder."  *Id*.  Six days passed from the first alleged incident of harassment and Johnson's termination.  *Id*. ¶¶ 7-10.

On June 13, 2023, Johnson filed a complaint alleging hostile work environment and retaliation claims under Title VII.  Doc. 1.  The defendant moves to dismiss both of Johnson's claims.  Doc. 4.  Specifically, the defendant argues that Johnson has not alleged sufficient facts to support a hostile work environment claim under Title VII because Johnson has not alleged: that Shawn's conduct was sufficiently severe or pervasive to alter the terms or conditions of her employment; that Shawn's conduct was related to Johnson's sex; that Shawn's actions are imputed to the defendant; or that the defendant treated her less favorably than male employees.  Doc. 4-1 at 5-13.  Furthermore, the defendant contends Johnson's retaliation claim fails because Johnson could not reasonably believe that the conduct she opposed was unlawful and, thus, Johnson's complaints to her manager were not protected activity.  *Id*. at 13-16.

---

[1] Johnson includes a transcript of the conversation between her and her manager in her amended complaint.  Doc. 13 ¶ 10.  It is apparent that Johnson's accusations against Shawn led to workplace turmoil.

-2-

In response, Johnson requested that the Court deny the motion or grant her leave to amend.  Doc. 7 at 7.  The defendant did not object to Johnson's request to amend.  Doc. 9.  Accordingly, the Court ordered Johnson to amend her complaint.  Doc. 10.  On November 6, 2023, Johnson filed her amended complaint.  Doc. 13.  Johnson's amended complaint is almost identical to her original complaint.[2]  *Compare* Doc. 1 *with* Doc. 13.  Consequently, the Court concluded that Johnson's amended complaint did not moot the motion to dismiss but provided Johnson with the opportunity to file a supplemental brief if she disagreed.  Docs. 14; 15.  Johnson filed her supplemental brief on November 17, 2023 and the defendant filed a supplemental brief in response on November 27, 2023.  Docs. 15; 16.

## II. STANDARD

The Federal Rules of Civil Procedure require that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule12(b)(6), "a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "Factual allegations that are 'merely consistent with a defendant's liability' fall short of being facially plausible."  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).

---

[2] The only additional information of substance included in Johnson's amended complaint is an allegation that Shawn "appeared pleased with himself" after showing the picture to Johnson's coworkers and a transcript of the conversation between Johnson and her manager when Johnson was terminated.  Doc. 13 ¶¶ 8, 10.

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv. Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)).  But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

### III. DISCUSSION

Despite Johnson's attempts to correct deficiencies identified in her original complaint, the amended complaint still fails to state a claim for hostile work environment and retaliation.  Specifically, the hostile work environment claim fails because Shawn's conduct is not sufficiently severe or pervasive and Johnson cannot establish a basis for holding the defendant liable.  Furthermore, Johnson's retaliation claim fails because she could not have a good faith, reasonable belief that Shawn's conduct was unlawful and, thus, reporting the conduct was not protected activity.

### A. Title VII Hostile Work Environment Claim

"To prevail in a suit against her employer for a fellow employee's sexual harassment that resulted in a hostile work environment, a plaintiff must prove five elements: (1) The employee belongs to a protected group; (2) the employee was

subject to unwelcome sexual harassment; (3) the harassment complained of was based upon sex; (4) the harassment complained of was 'sufficiently severe or pervasive to alter the terms and conditions of employment'; and (5) a basis for holding the employer liable." *Wilcox v. Corr. Corp. of Am.*, 892 F.3d 1283, 1286-87 (11th Cir. 2018) (quoting *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 808 (11th Cir. 2010)). Johnson's hostile work environment claim fails because she has not alleged facts demonstrating that Shawn's conduct was objectively severe or pervasive and she cannot establish a basis for holding the defendant liable for Shawn's conduct.[3]

*1. Severe or Pervasive*

"Establishing that harassing conduct was sufficiently severe or pervasive to alter an employee's terms or conditions of employment includes a subjective and an objective component." *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21-22 (1993)). "The environment must be one that 'a reasonable person would find hostile or abusive' and that 'the victim subjectively perceive[s] to be abusive.'" *Mendoza*, 195 F.3d at 1246 (alteration in original) (quoting *Harris*, 510 U.S. at 21). Courts analyze four factors to determine whether harassment objectively affected an employee's terms and conditions of employment: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive

---

[3] The defendant also argues that Johnson's hostile work environment claim fails because she has not alleged that Shawn's conduct was based on her sex. Doc. 4-1. Johnson alleges that Shawn took a picture of her buttocks, a private body part, and that male coworkers were not subject to the same harassment. Doc. 13 ¶¶ 7, 8, 12, 13. This is sufficient, at the motion to dismiss stage, to demonstrate that Shawn's conduct was based on Johnson's sex. *See Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir. 1982) (noting that sexually suggestive conduct that is directed at only one sex is sufficient to demonstrate that the harassment complained of was based upon sex).

utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance."[4]  *Mendoza*, 195 F.3d at 1246 (citing *Allen v. Tyson Foods*, 121 F.3d 642, 647 (11th Cir. 1997)).  Although all four factors need not be present to establish objective severity or pervasiveness, Johnson has not alleged facts sufficient to conclude that *any* of the four factors weigh in her favor.[5]  *Harris*, 510 U.S. at 23.

Johnson alleges two incidents of harassing conduct: (1) Shawn taking a picture of her buttocks on December 9 and (2) Shawn showing the picture to Johnson's coworkers on December 13.  Docs. 7 at 3-4; 13 ¶¶ 7, 8.  Two incidents, over approximately one week, are not sufficiently pervasive or frequent to support a hostile work environment claim.  *See, e.g., Gray v. Koch Foods, Inc.*, 580 F. Supp. 3d 1087, 1111 (M.D. Ala. 2022) ("The alleged conduct was not pervasive but was rather two discrete events across the span of a week."); *Gupta v. Fl. Bd. of Regents*, 212 F.3d 571, 579 (11th Cir. 2000) (holding attempts to make physical contact with the plaintiff, repeatedly calling her house two to three times per week, and asking her out to lunch over six or seven months was not pervasive), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006); *cf. Hulsey v. Pride Rest., LLC.*, 367 F.3d 1238, 1248 (11th Cir.2004) ("[The defendant's] conduct was frequent, occurring at least 18 times during the approximately 2 to 2–1/2 weeks between his initial attempt to

---

[4] Although these factors are typically used to evaluate hostile work environment claims on a motion for summary judgment, the Eleventh Circuit has held that these same factors are relevant when analyzing a motion to dismiss.  *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010); *see also Brannon v. Dep't of Veterans Aff.*, 2023 WL 1161129 (11th Cir. Jan. 31, 2023); *Barreth v. Reyes 1, Inc.*, 2020 WL 4370137 (M.D. Ga. July 29, 2020); *Banks v. Cypress Chase Condominium Ass'n. B, Inc.*, 616 F. Supp. 3d 1316 (S.D. Fla. July 21, 2022).

[5] Notably, Johnson does not identify any similar or dissimilar case from this circuit, or any other circuit for that matter, that would shed light on whether Shawn's conduct was sufficiently severe or pervasive to alter the terms and conditions of her employment.  *See* Docs. 7 at 3-4; 15.

get [the plaintiff] to date him and her termination on August 16, 2001."); *Reeves*, 594 F.3d at 812 (holding that the defendant's offensive conduct was frequent when it occurred every single day for almost three years); *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002) (holding that directing ethnic slurs at the plaintiff three to four times a day for one month established that conduct was frequent); *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 506, 509 (11th Cir. 2000) (holding that the plaintiff's reference to fifteen separate instances of harassment over four months was frequent).

Furthermore, Johnson has not alleged facts supporting her contention that the harassment was severe. Title VII is not a "general civility code" and "simple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998)). Johnson alleges two isolated incidents—Shawn took a picture of her buttocks and showed it to her coworkers. Although Shawn's conduct was "rude and boorish," his "actions fall well short of conduct so severe as to 'alter or change the terms of [Johnson's] working conditions.'" *Guthrie v. Waffle House, Inc.*, 460 F. App'x 803, 806-07 (11th Cir. 2012) (grabbing plaintiff's buttocks and making comments about wanting to have sex with her multiple times was not severe); *Stancombe v. New Process Steele LP*, 652 F. App'x 729, 733 (11th Cir. 2016) (affirming district court's finding that two incidents of a coworker touching plaintiff's buttocks were not severe).

Finally, Johnson does not allege any facts indicating that she felt physically threatened or humiliated or that Shawn's conduct interfered with her job performance. Rather, Johnson simply alleges that the incident made her feel "uncomfortable." Doc. 13 ¶ 9. This is insufficient to support a hostile work environment claim. *See Dar Dar v. Associated Outdoor Club, Inc.*, 248 F. App'x 82, 85 (11th Cir. 2007) (holding that the plaintiff failed to demonstrate a hostile work environment where the record showed "two sexually inappropriate comments and two incidents of intentional buttocks touching over the course of 22 months"); *Latrece Lockett v. Choice Hotels Int'l, Inc.*, 315 F. App'x 862, 866-67 (11th Cir. 2009) (holding "sexual remarks and two incidents of brief touching [fell] below the minimum level of severity or humiliation needed to establish sexual harassment").

Thus, Johnson has not alleged facts that would support her conclusory assertion that Shawn's conduct was sufficiently severe or pervasive to alter the terms or conditions of her employment.

*2. Basis for Employer Liability*

An "employer can be responsible for the harassing conduct" of an employee "under a theory of either vicarious liability or direct liability." *Wilcox*, 892 F.3d at 1287. When "the perpetrator of the harassment is not the plaintiff's supervisor," but a coworker, "the employer will be held directly liable only if" the employer "knew or should have known of the harassing conduct" and "failed to take prompt remedial action." *Id*. Here, Johnson reported Shawn's conduct to her manager, who in turn reported the incident to the director of operations. Doc. 13 ¶¶ 9-10. However, Johnson cannot demonstrate the second element necessary to hold the defendant liable for Shawn's

actions because the defendant took prompt action in response to Johnson's complaints. *Wilcox*, 892 F.3d at 1288.

Within a week of the first incident of alleged harassment, Johnson's manager and the director of operations investigated whether the picture was on Shawn's phone. Doc. 13 ¶ 10. They concluded that "there [was] no picture on the phone" and then terminated Johnson's employment. *Id*. While Johnson may not have liked the outcome, she has not alleged a factual basis for concluding that the defendant failed to "prevent[] the recurrence of the harassment it knew about."[6] *Wilcox*, 892 F.3d at 1288; *Vaughn v. Ret. Sys. of Ala.*, 856 F. App'x 787, 790 (11th Cir. 2021) (holding employer could not be liable for harassment when only two weeks passed between the plaintiff's complaint of harassment and the subsequent investigation that led to her termination).

Thus, Johnson has not alleged a factual basis for holding the defendant liable for Shawn's conduct. Accordingly, Johnson's hostile work environment claim is **DISMISSED** for failure to state a claim.

## B. Title VII Retaliation Claim

Title VII prohibits an employer from retaliating against an employee for "oppos[ing] any practice made an unlawful employment practice by this title," (i.e., opposition clause) or for "ma[king] a charge, testif[ying], assist[ing], or participat[ing] in any manner in an investigation, proceeding, or hearing under this title" (i.e., participation clause). 42 U.S.C. § 2000e-3(a); *see EEOC v. Total Sys. Servs., Inc.*, 221 F.2d 1171, 1174 (11th Cir. 2000). "To establish a prima facie case of retaliation under Title VII, a

---

[6] Johnson does not allege that the alleged harassment continued after she reported Shawn's conduct to her manager. Doc. 13 ¶¶ 7-10 (alleging (1) Shawn took the picture, (2) Shawn showed it to Johnson's coworkers, (3) Johnson complained to her manager, and (4) Johnson complained to her manager a second time).

plaintiff must demonstrate: (1) that [s]he engaged in statutorily protected activity; (2) that [s]he suffered adverse employment action; and (3) that the adverse employment action was causally related to the protected activity."  *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998) (analyzing elements on a motion to dismiss); *Uppal v. Hosp. Corp. of Am.*, 482 F. App'x 394, 397 (11th Cir. 2012) ("Retaliation under Title VII occurs when an employee engages in protected activity, and suffers an adverse employment action that is causally related to that activity.").[7]

Johnson claims that the defendant terminated her employment because she reported to her manager "what she perceived to be sexual harassment at the workplace."  Doc. 13 ¶¶ 9, 19.  Johnson's report of Shawn's behavior falls, if anywhere, under the opposition clause.  *Gogel v. Kia Motors Mfg. of Ga.*, 967 F.3d 1121, 1144 (11th Cir. 2020) ("The making of informal complaints or the use of an internal grievance system is protected conduct under the opposition clause.").  When proceeding under the opposition clause, a plaintiff must plausibly allege a good faith, reasonable belief that the employer's conduct was unlawful employment discrimination.  *Harper*, 139 F.3d at 1388 (citing *Little v. United Techs., Carrier Transicold Dic.*, 103 F.3d 956, 959 (11th Cir. 1997)).  A plaintiff's burden under this standard has a subjective and an objective prong.  *Little*, 103 F.3d at 959-60.  So, while a plaintiff may in good faith subjectively believe that her employer engaged in unlawful employment practices, that belief must also be objectively reasonable based on the facts alleged.  "The objective

---

[7] While a prima facie case is an "evidentiary standard, not a pleading requirement," this principle "cannot be read in a vacuum" to allow a complaint facing a 12(b)(6) motion to circumvent *Iqbal's* and *Twombly's* plausible on its face standard.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *McCone v. Pitney Bowes, Inc.*, 582 F. App'x 798, 801 (11th Cir. 2014); *see also Edwards*, 602 F.3d at 1300.  Thus, to state a retaliation claim under Title VII, a plaintiff must plausibly allege that she engaged in protected activity.  *Harper*, 139 F.3d at 1388.

reasonableness of an employee's belief that her employer has engaged in an unlawful employment practice must be measured against existing substantive law." *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1351 (11th Cir. 1999).  The conduct need not actually be sexual harassment, but rather "close enough to support an objectively reasonable belief that it is."  *Id.; see Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1311-12 (11th Cir. 2016).

"Close enough" does not mean that the plaintiff is "required to prove that the discriminatory conduct complained of was actually unlawful."  *Furcron*, 843 F.3d at 1311.  Rather, the Court must look at whether "'long-standing binding precedent hold[s]' that [the conduct] does not [violate Title VII]."  *Alkins v. Sheriff of Gwinnett Cty.*, 2022 WL 3582128, *2 (11th Cir. Aug. 22, 2022).  Where long-standing binding precedent does not exist, a fact-intensive analysis must be made against a backdrop of relevant case law.  *Id.* (citing *Mendoza*, 195 F.3d at 1246).

For example, in *Alkins*, the court concluded that the supervisor's conduct was "close enough" to sexual harassment to make the plaintiff's report of the conduct protected activity.  *Id*. at *3.  Specifically, the plaintiff alleged that her supervisor "called her into an empty office and without warning, 'stepped toward' her and 'began kissing [her] with his mouth open.'"  *Id*. at *1.  The court acknowledged that the four severe or pervasive factors did not "definitively point in a single direction."  *Id*. at *3.  Although the frequency factor "cut[] against" the plaintiff and the other factors could "go either way," the court concluded that the supervisor's conduct was "close enough to give rise to a reasonable belief that [the plaintiff] was sexually harassed" because "few types of physical contact are more invasive than an open-mouthed kiss."  *Id*.

-11-

By contrast, Johnson has not alleged facts sufficient to conclude that *any* of the four factors weigh in her favor—Shawn's conduct was an isolated incident of rude and boorish behavior and does not rise to the level of severity or pervasiveness to support Johnson's assertion that she was subject to a hostile work environment.  Unlike the plaintiff in *Alkins*, Johnson was not subject to physical harassment and the alleged harassment was by a coworker rather than a supervisor.  Doc. 13 ¶¶ 7-8.  The court's reasoning in *Alkins* hinged on the physically invasive nature of the open-mouthed kiss. 2022 WL 3582128 at *3.  Thus, while taking a photograph of Johnson's buttocks was reprehensible, it did not rise to the level of severity and pervasiveness necessary to support a hostile work environment claim or allege a good faith, reasonable belief that the conduct was unlawful.[8]  *See Little*, 103 F.3d at 960 ("The record indicates that no rational jury could find [the plaintiff's] belief that his opposition to [a coworker's] racist remark constituted opposition to an unlawful employment practice to be objectively reasonable.").

In sum, Johnson has not alleged facts sufficient to support her contention that she engaged in protected activity and Johnson's retaliation claim is **DISMISSED** for failure to state a claim.

---

[8] The cases Johnson cites to the contrary are distinguishable.  *See* Doc. 15 at 4-8 (citing *Merritt v. Dillard Paper Co.*, 120 F.3d 1181, 1186 (11th Cir. 1997) (holding the plaintiff's conduct was protected by the *participation* clause); *Patterson v. Ga. Pacific, LLC*, 238 F.4th 1336, 1344-45 (11th Cir. 2022) (holding that the plaintiff's conduct was protected activity under both the opposition and *participation* clauses); *Howell v. Baptist Health Sys., Inc,* 2017 WL 4538922 (N.D. Ala. 2017) (holding that "membership in a protected class" is not necessary to allege a prima facie case of retaliation under Title VII)).

## IV. CONCLUSION

For the reasons stated, Johnson has failed to state a hostile work environment or retaliation claim under Title VII and the defendant's motion to dismiss (Doc. 4) is **GRANTED**.

**SO ORDERED**, this 10th day of January, 2024.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT